#### FOR THE

### COUNTY OF WASHINGTON.

### OCTOBER ADJOURNED TERM, 1847.

---

#### PRESENT,

Hon. MILO L. BENNETT,  ⎫
Hon. HILAND HALL,  ⎬ ASSISTANT JUDGES.
Hon. CHARLES DAVIS,  ⎭

---

### STATE *v.* CEPHAS CARPENTER.

In an indictment against one for endeavoring to prevent a witness, recognized to appear and testify before the grand jury, from appearing and testifying, the indictment in the original case, in which the witness was recognized to appear, need not be recited; nor does the guilt or innocence of the respondent depend upon the sufficiency of that indictment, or upon the guilt, or innocence, of the respondent in that case.

The *attempt*, whether successful, or not, to obstruct the due administration of justice, by preventing the attendance of witnesses upon the trial of a case, is a substantive offence, punishable by the common law.

An allegation, in an indictment for such offence, that the respondent, "being an evil disposed person, and contriving and intending to obstruct and impede the due course of justice," "unlawfully and unjustly did endeavor to dissuade, hinder and prevent" the witness from appearing and testifying in a certain criminal prosecution named, sufficiently shows, that the respondent knew of the existence of that prosecution and of the obligation of the witness to attend.

2

INDICTMENT for endeavoring to prevent a witness, who was recognized to appear and testify before the grand jury, from appearing and testifying.  Plea, not guilty, and trial by jury, April Term, 1846,—REDFIELD, J., presiding.

It was alleged in the indictment, that on the sixth day of March, 1845, Chandler Poor and Stephen Goodale, Jr., were brought before a justice of the peace upon the complaint of a town grand juror, charging that the said Poor and Goodale did, on the fifth day of March, 1845, with force and arms enter a public burying ground at Middlesex, and disinter and remove the dead body of one Wallace Fisher, then lately interred therein, not being authorized by a majority of the selectmen and justices of the peace of said Middlesex so to do; that such proceedings were had upon the said complaint, that said Poor and Goodale were severally recognized by the justice to appear before the county court, at the April Term, 1845, to answer for that offence; that one William Warren was also recognized to appear at said term as a witness in the case on the part of the prosecution, and that his testimony was material; that at the April Term, 1845, the case was continued to the November Term, 1845, when a bill of indictment was preferred before the grand jury against Poor and Goodale; and that the respondent, Carpenter, " being an evil disposed person, and contriving and intending to obstruct and impede the due course of justice, on the 15th day of November, 1845, at Middlesex, in the county of Washington, the said recognizance of the said William Warren being in full force, and in no wise discharged or vacated, unlawfully and unjustly did endeavor to dissuade, hinder and prevent the said William Warren " from appearing and testifying before the grand jury in said case."

On trial the files and docket minutes of the county court at the April Term and November Term, 1845, and the indictment against Poor and Goodale, returned by the grand jury " not found," were offered in evidence for the purpose of proving the matters of inducement alleged in the indictment in this case, and were admitted by the court, although objected to by the respondent.  It was then proved, that William Warren was a material witness upon the inquiry before the grand jury in that case, and that this respondent, knowing that fact, and that he was depended upon as a witness, and that he intended to attend court as such, endeavored, by argument

and persuasion, to induce him to leave the state and not attend court, saying he should have " more money" if he would, than he could get as a witness;—but that he did not prevail upon the witness to leave.

After verdict of guilty the respondent moved in arrest of judgment for the insufficiency of the indictment; which motion was overruled by the court, *pro forma.* Exceptions by respondent.

*A. Spalding* for respondent.

The indictment is bad for uncertainty. There is no, allegation, that the justice had authority to bind up, nor that the grand juror was a legal informing officer. The locality of the burying ground is left uncertain. There is no allegation, that the body disinterred was a *human* body. The allegation of the proceedings is uncertain. The amount of the recognizance is not stated. There is no allegation, that Warren was sworn and testified in the case. It is not alleged, that the proceedings were returned to the county court within thirty days after the court of inquiry. Rev. St. 170 § 3. It is not stated, what means the respondent used to hinder the witness from attending court; neither is it stated that he *knew*, that any proceedings had been commenced, or would be commenced, against Poor and Goodale. No offence could be committed, unless Carpenter *knew*, that Warren was a witness; and this knowledge should be stated with sufficient certainty in the indictment. Arch. Cr. Pl. 41–43. *State* v. *Keyes*, 8 Vt. 57.

*N. Kinsman*, state's attorney.

It was not necessary to allege, that the respondent *knew* that Warren was a witness. Davis' Prec. 219. 2 Chit. Cr. Law 235. 1 Ib. 233. Wharton's Cr. Law 556. 2 Metc. 190. 4 Bl. Com. 126.

The opinion of the court was delivered by

Davis, J. A verdict of guilty having been rendered in the county court, a motion in arrest of judgment was filed by the respondent, founded wholly upon supposed defects in the indictment. The motion was overruled in that court, and exceptions were taken and allowed; which brings the same questions regularly before us.

Much of the argument at the bar has been expended upon supposed irregularities in the original proceedings against Goodale and Poor, and insufficiencies in the indictment against them prepared and laid before the grand jury. That indictment is not recited, and need not be, in the present; it is no , consequently, before us. In offences of this kind guilt or innocer e does not depend upon the guilt or innocence of the original party, against whom the witness may be subpœnaed, or recognized, appear; nor upon the sufficiency or insufficiency of the original 'ndictment. To thwart or obstruct the due administration of justice by violence, bribery, threats, or other unlawful means, whether in preventing the attendance of witnesses, jurymen, or other officers of court, is a high handed offence, which strikes at the vitals of judicial proceedings, and subjects to severe animadversion in every well ordered community. The attempt to commit such an act, it is well settled, is itself a substantive offence, punishable by the common law.

In this instance, the attempt was unsuccessful; the witness, Warren, attended court and testified before the grand jury, as he had bound himself by recognizance to do. Moreover, the parties, against whom he appeared, must be taken to have been innocent of the crime imputed to them; and, in addition to this, the indictment against them, if in the description of the offence it followed the complaint preferred before the magistrate, I am inclined to think was fatally defective. Still, all these circumstances are entirely consistent with the respondent's guilt. Since the case of *State* v. *Keyes*, 8 Vt. 57, it is quite unnecessary to pursue this subject at any length. That case, in fact, is a decisive authority against the respondent here on nearly every point raised, except one; and that is the objection, that the indictment does not allege, that the respondent *knew* of the existence of the proceedings against Poor and Goodale, or of the obligation of Warren to attend as a witness.

It is true, that the information there filed distinctly stated these particulars. The objection now chiefly relied upon was of course not made there; and the case is no farther an authority, than that one attorney supposed the allegation to be material. Some members of the court at first entertained doubts on this point alone; but full consideration has removed those doubts.

The indictment has followed very exactly the form given in Chit-

ty, and other books published in this country. Knowledge to a certain extent is undoubtedly implied in the very description of the offence; and to that extent, at least, this indictment is not subject to just exception. Its language is, "being an evil disposed person and contriving and intending to obstruct and impede the due course of justice," "unlawfully and unjustly did endeavor to dissuade, hinder and prevent the said William Warren" &c.

This is sufficiently distinct and definite in that respect; and the bill of exceptions shows, that the evidence adduced fully satisfied every reasonable requirement of the law.

The result is, that the respondent take nothing by his motion.

The respondent not being present in court, no sentence was passed, but his bonds were estreated.