## COMMONWEALTH *vs.* JONATHAN REYNOLDS.

It is indictable at common law to dissuade, hinder and prevent a witness from appearing before a court pursuant to a summons; and the words, " contrary to the form of the statute," if inserted, may be rejected as surplusage.

An indictment, which alleges that a certain witness was summoned at a certain time to appear before a certain court, to give evidence of what he knew relating to the matter of a certain complaint against the defendant, " when and where the defendant should be had for trial on said complaint; " and that the defendant, at a certain time and place, well knowing that said witness had been so summoned, wilfully and unlawfully dissuaded, hindered and prevented him from appearing before said court when and where the defendant was had for trial on said complaint; is sufficient, without more particularly alleging where the witness was summoned, or when he was required to appear before the court.

In an indictment for dissuading, hindering and preventing a witness from appearing before a court, it is not necessary to allege in whose behalf he was summoned; nor that his testimony was material.

An indictment for dissuading, hindering and preventing a witness from appearing before a court, which states facts showing an obstruction and hindrance of the due course of proceedings in the administration of justice, need not further show that the trial before that court was hindered or obstructed, or the result thereof altered; nor conclude " to the obstruction and hindrance of public justice."

INDICTMENT for dissuading, hindering and preventing Culbert Reynolds from appearing before the police court of New Bedford as a witness upon a complaint of Gideon Reynolds against the defendant for an assault upon Daniel Reynolds. The following is a copy of the indictment:

" The jurors for the said commonwealth on their oath present, that heretofore, to wit, on the first day of June in the year of our Lord one thousand eight hundred and fifty eight, George R. Hurlbut, a deputy of the sheriff of the county of Bristol, duly authorized and legally qualified to perform the duties of said office, by virtue of a warrant directed to him, and issued in due course of law by Morrill Robinson, Jr., a justice of the peace within and for the county of Bristol, did summon and give notice to one Culbert Reynolds to appear before the police court of the city of New Bedford, in said county of Bristol, to give evidence of what he, said Culbert Reynolds, knew relating to the matter of a certain complaint of Gideon Reynolds — charging that Jonathan Reynolds, on the 30th day of May in the year

of our Lord one thousand eight hundred and fifty eight, in and upon the body of one Daniel Reynolds did make an assault — when and where the said Jonathan Reynolds should be had for trial on said complaint; the matter of said complaint being, on said first day of June in the year aforesaid, within the jurisdiction of the said police court of said city of New Bedford.

" And the jurors aforesaid, upon their oath aforesaid, do further present, that Jonathan Reynolds, of Freetown in the county of Bristol, at Freetown in the county of Bristol, on the second day of June in the year of our Lord one thousand eight hundred and fifty eight, then and there well knowing the premises, and that the said Culbert Reynolds had been summoned and notified as aforesaid, and then and there contriving and intending the due course of justice to obstruct and impede, did wilfully, knowingly, unlawfully and unjustly dissuade, hinder and prevent the said Culbert Reynolds from appearing before said police court of the city of New Bedford, when and where the said Jonathan Reynolds was had for trial on said complaint, as the said Culbert had been then and there notified and summoned, and as the said Culbert Reynolds was then and there required by law to appear and give evidence of what he, the said Culbert Reynolds, knew relating to the matter stated in said complaint, by then and there threatening to cause the said Culbert Reynolds to be arrested and imprisoned if he appeared before said police court as he was then and there summoned, notified and required by law to do ; and that by the threatening of the said Jonathan Reynolds as aforesaid the said Culbert Reynolds was then and there hindered, dissuaded and prevented from appearing, and did not appear, before said police court — when and where the said Jonathan Reynolds was had for trial before said police court on said complaint — then and there to give evidence before said police court of what he, the said Culbert Reynolds, knew relating to the matter of said complaint; against the peace of said commonwealth, and contrary to the form of the statute in such case made and provided."

After conviction in the court of common pleas in Bristol at March term 1859, the defendant moved in arrest of judgment,

" 1st. Because the indictment does not allege when and where the witness was summoned ; nor does it allege when the witness was required to appear before the police court.

" 2d. Because it does not appear in said indictment upon whose behalf the witness was summoned.

" 3d. Because it does not appear in said indictment that the evidence was material, or that there was any hindrance or obstruction of public justice.

" 4th. Because the indictment does not contain the words, it was ' to the manifest obstruction and hindrance of public justice.' "

*Aiken,* J. overruled the motion, and the defendant alleged exceptions; but no counsel appeared to support them before this court.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

METCALF, J. This indictment charges the defendant with an offence that is indictable at common law. 4 Bl. Com. 126. 1 Russ. on Crimes, (7th Amer. ed.) 183. *State* v. *Keyes,* 8 Verm. 57. *State* v. *Carpenter,* 20 Verm. 9. This offence not being punishable by any statute of this commonwealth, the concluding words of the indictment, " contrary to the form of the statute," are to be rejected as surplusage. *Page & Harwood's case,* Aleyn, 44. *Commonwealth* v. *Hoxey,* 16 Mass. 385.

It is objected, however, in arrest of judgment, that the offence is not so set forth in this indictment as to sustain a judgment on the verdict.

The first alleged defect in the indictment is, that it does not aver when and where Culbert Reynolds was summoned as a witness, nor when he was required to appear before the police court of New Bedford. And it is true that the indictment does not allege the place where said Culbert was summoned; but it does allege the time when he was summoned, to wit, the first day of June 1858, and that he was summoned to appear before that police court, when and where the defendant should be had for trial, to give evidence of what he knew relating to the matter of a complaint against the defendant, charging him with an assault on Daniel Reynolds. The indictment furthermore

alleges that the defendant, well knowing that said Culbert had been so summoned, wilfully and unlawfully dissuaded, hindered and prevented him from appearing at the said police court, when and where the defendant was had for trial on said complaint. This, we think, is a sufficient charge, both in form and substance, of an indictable offence. The place where and the time when the defendant wilfully and unlawfully dissuaded, hindered and prevented the witness from appearing at the police court, are precisely alleged in the indictment, to wit, at Freetown, in the county of Bristol, on the 2d day of June 1858. The summoning of the witness, being alleged only by way of inducement to the substance of the charge against the defendant, needed not to be alleged with the same certainty of time and place as the substance of the charge. *Regina* v. *Wyatt*, 2 Ld. Raym. 1191. *Regina* v. *Bidwell*, 1 Denison, 222, and 2 Cox C. C. 298.

We cannot deem it necessary that it should be alleged, in the indictment, upon whose behalf the witness was summoned. The act of dissuading and preventing the attendance of a witness at a trial is punishable by indictment, in whose behalf soever that witness is summoned.

Nor was it necessary that the indictment should allege that the testimony of the witness, who was dissuaded and prevented by the defendant from attending at the police court, was material on the trial of the defendant there. It was not necessary, in order to convict the defendant, to prove that the testimony of the witness would have been material; and therefore it was unnecessary to allege that it was. It is the duty of a witness to obey a summons, though he cannot give any material testimony ; and it is a crime in him who dissuades and prevents the witness from obeying the summons.

The objection to the indictment, that it does not appear therein that there was any hindrance or obstruction of public justice, is entirely groundless. It assumes that there was no hindrance or obstruction of justice by the defendant, unless his trial before the police court was hindered or obstructed, or the result thereof altered, by reason of the absence of the summoned

witness. Whereas the offence is the obstruction of " the due course of justice." This is what is alleged in the only two precedents which we have found; ( *The King* v. *Steventon,* 2 East, 363; and 2 Chit. Crim. Law, 235;) and what this indictment alleges to have been the defendant's intent and purpose. And the " due course of justice " means not only the due conviction and punishment, or the due acquittal and discharge, of an accused party, as justice may require ; but it also means the due course of proceedings in the administration of justice. By obstructing those proceedings, public justice is obstructed.

The last objection made to the indictment is, that it does not conclude, " to the obstruction and hindrance of public justice." Such was the conclusion in the two precedents above referred to. But we find no adjudication that this is essential to the sufficiency of an indictment. The facts alleged in this indictment show an obstruction and hindrance of public justice, in the legal sense and meaning of those words; and therefore we are of opinion that the omission of them in the conclusion of the indictment is not a cause for arresting judgment. It is not necessary, in an indictment alleging matters that constitute a common nuisance, to conclude *ad commune nocumentum,* although it is usual so to do. 1 Stark. Crim. Pl. (2d ed.) 208. Archb. Crim. Pl. (5th Amer. ed.) 67. *Commonwealth* v. *Haynes,* 2 Gray, 72. See also *Brady* v. *The Queen,* 4 Irish Law R 21, and 2 Jebb & Symes, 647. *Exceptions overruled.*