STATE OF MAINE vs. JOHN N. AMES.

*Indictment for obstructing justice.*

It is an indictable offence, at common law, to endeavor to persuade one, recognized for his appearance as a witness in a criminal case, not to appear and testify; whether the persuasion is effective or not.

The use of the persuasive means, thus to obstruct the course of justice, is an overt act toward the consummation of a criminal purpose, that will subject the offender to punishment, whether he succeed or fail in his attempt.

It is not necessary, even if it be desirable or possible, to set out the nature of the particular means employed in any given case, in the indictment.

It is the nature of the offence charged, and not of the means employed in its commission, that the accused is entitled to be informed of by the indictment.

ON EXCEPTIONS.

INDICTMENT, presenting that the respondent, upon the sixth day of July, 1874, entered into a recognizance before Hiram Bass, a trial justice of Knox county, for his appearance at the then next ensuing term of this court, to answer to a complaint charging him with the offence of being a common seller of intoxicating liquors; that one William H. Trim was, at the same time, recognized to appear as a witness in that case for the state; "and the jurors aforesaid, upon their oaths aforesaid, do further present, that the said John N. Ames, at Camden aforesaid, on the sixth day of July, in the year aforesaid, not being ignorant of the premises, but well knowing the same, and contriving and intending the due course of justice to obstruct and impede, unlawfully, corruptly and wickedly did entice, solicit, and endeavor to persuade the said William H. Trim to absent himself from the said supreme judicial court, then next to be holden as aforesaid, on the third Tuesday of September, in the year aforesaid, and not to appear there before the said court, to give evidence in behalf of the state relative to the matters contained in the said complaint, to the evil example of all others in like case offending, and against the peace of the state."

The second count set out the facts as to the recognizances in the

same language as the first, and then presented that the respondent, on, &c., at, &c., well knowing the premises, "and contriving and intending the due course of justice to obstruct and impede, unlawfully, corruptly and wickedly, did endeavor to prevent the said William H. Trim from appearing before the supreme judicial court, then next to be holden at," &c., &c.

To this indictment the defendant demurred. His demurrer was overruled, and he excepted.

*Mortland & Hicks* for the respondent.

No crime is charged in the indictment, either by statute or common law. If any was committed, it is not sufficiently set out in the indictment. Const. of Maine, art. 1, § 6 ; *State* v. *Learned*, 47 Maine, 426.

"To entice, solicit, and endeavor to persuade" are not, *per se*, a crime. Nor is it cured by stating the end to be accomplished. It must also state what act was done. *State* v. *Bartlett*, 30 Maine, 132 ; *State* v. *Ripley*, 31 Maine, 386 ; *State* v. *Hewett*, Id., 396 ; *State* v. *Roberts*, 34 Maine, 320.

The indefinite and uncertain charge in the second count, that the defendant "did endeavor to prevent," is still more objectionable.

Trim was not lawfully bound, because his recognizance was for a hundred dollars. R. S., c. 27, § 44.

*L. M. Staples*, county attorney, for the state.

DANFORTH, J. This is an indictment which comes before us upon demurrer. It is objected that no crime is charged therein; or, if charged, that it is not sufficiently set out.

That it is a crime known to the common law, to induce a witness to absent himself from a court where he is legally bound to appear, to give testimony upon a criminal process there pending, is too clear for argument, and too well settled to require the citation of authorities.

It is perhaps equally well settled that an attempt to do the same thing, though it is not accomplished, will subject the offender

State v. Ames.

to an indictment.  1 Wharton's Am. Crim. Law., §§ 8 and 9; 1 Bishop on Crim. Law., § 365; *State* v. *Keyes*, 8 Vt., 57; *State* v. *Carpenter*, 20 Vt., 9.

Russell, in his work on Crimes, upon page 182, says: "All who endeavor to stifle the truth, and prevent the due execution of justice, are highly punishable; and therefore the dissuading, or endeavoring to dissuade a witness from giving evidence against a person indicted is an offence at common law, though the persuasion should not succeed."

It may be true that a mere purpose to commit a crime, so long as it rests in the intention alone, will not be indictable.  But when that purpose results in some overt act; when something is done to accomplish the end designed; it then becomes liable to criminal punishment.  It is also true that this purpose and the resulting act must be set out in the indictment so that the accused shall be fully informed of "the nature and cause of the accusation."

In this case, it appears from the indictment that some progress was made in the accomplishment of the unlawful intention.  The respondent did "entice, solicit and endeavor to persuade" the witness to absent himself.  The means used for this purpose are not set out, nor is it necessary, or perhaps possible, that they should be.  The words, "entice, solicit and persuade" sufficiently indicate the nature of the act and cannot leave the defendant in any possible doubt as to the "nature and cause of the offence" with which he is charged.  In this description, no element which is necessary to describe the crime intended to be set out, appears to be omitted. No objection to the indictment in other respects is made, nor do we perceive any.  The fifth count substantially follows the form found in Wharton's Precedents of Indictments, 601, and is sufficient.  The second count is more general, and is, perhaps, defective.

*Exceptions overruled.*

Appleton, C. J., Dickerson, Barrows, Virgin and Libbey, JJ., concurred.