## Commonwealth v. W. T. Berry.

(Decided January 10, 1911.)

### Appeal from Hickman Circuit Court.

1. Obstructing Public Justice—Preventing Witness from Appearing Before Grand Jury.—The course of public justice must not be impeded. The question in this case is not a contempt of the court or an abuse of its process, but the obstruction of justice. He who knows that another will be a witness or has reasons to know it, and, so knowing causes the witness to absent himself for the purpose of preventing his testimony, is guilty of obstructing justice.

although the witness may not have been subpoenaed, or his testimony if given, would not have been important. The law does not tolerate that its proceedings shall be stifled, and the running off of a witness to stifle a prosecution is none the less an offense because it is done before the grand jury is impaneled.

2. Same.—Grand Juries are impaneled to inquire into offenses committed in their counties. If persons may with impunity, spirit away the witnesses before they can be legally summoned, the effectiveness of grand juries may be practically destroyed. Those who conduct gaming houses, and the like, may anticipate that the grand jury will investigate these matters and if they spirit away the witnesses just before the grand jury meets, legal prosecutions may thus be stifled. The obstruction of legal justice was a misdemeanor at common law, and the spiriting away of a witness from testifying was always regarded as a phase of the offense.

JAS. BREATHITT, Attorney General, T. B. M'GREGOR, Assistant Attorney General, and Robert L. SMITH for appellant.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

W. T. Berry was indicted in the Hickman circuit court for the offense of obstructing justice. The circuit court sustained his demurrer to the indictment, and dismissed it. The Commonwealth appeals.

The offense is set out in the indictment in these words:

"The said W. T. Berry in the said county of Hickman on the 11th day of February, 1910, and before the finding of this indictment, did unlawfully obstruct the action of the grand jury of Hickman county, Kentucky, which was duly impaneled and sworn as such and engaged in investigating the commission of crimes in Hickman county, Kentucky, by persuading, contriving and intending to impede and obstruct said investigation, did then and there unlawfully and corruptly entice, solicit and persuade one T. J. Moore to absent himself from Hickman county, and to get beyond the jurisdiction of the Hickman circuit court, and not appear before the said grand jury, and give evidence before them concerning crimes they were then and there investigating, and which was known to the said T. J. Moore, and said T. J. Moore having appeared in Hickman county at the request of the circuit judge of the Hickman circuit court

to give said evidence, and this fact was well known to the said W. T. Berry at the time he solicited and persuaded the said T. J. Moore to leave Hickman county, and said persuading, enticing and soliciting was done for the unlawful purpose of obstructing said grand jury in their investigation of said crimes against the peace and dignity of the Commonwealth of Kentucky.''

No brief has been filed for the appellee, but it seems that the circuit court sustained the demurrer to the indictment on the ground that it does not show that the witness had been subpoenaed or was legally bound to appear before the grand jury. Grand juries are impaneled to inquire into offenses committed in their counties. If persons may with impunity spirit away the witnesses before they can be legally summoned, the effectiveness of grand juries would be practically destroyed. Those who conduct gaming houses and the like may anticipate that the grand jury will investigate these matters, and if they may spirit away the witnesses just before the grand jury meets, legal prosecutions of these matters may be thus stifled. The obstruction of legal justice was a misdemeanor at common law, and the spiriting away of a witness to prevent him from testifying was always regarded as a phase of the offense. In State v. Keyes, 30 Am. Dec., 455, the Supreme Court of Vermont had before it the precise question, and in disposing of it, the court by Judge Redfield, said:

''If the respondent knew of his being a witness and about to be compelled, in due course of law, to attend the trial, and endeavored to dissuade and hinder him therefrom, in the language of the indictment, his offense is complete. In this case, knowledge is carried home to both. It will not do for a moment, to admit that the respondent might anticipate the officers of justice, and secrete, bribe or intimidate the state witnesses from attending the trial of public prosecutions, and not be liable for any act done, until a subpoena had been legally served upon the witness. This view will leave untouched the most corrupting field for offenses of this character.''

This case was followed by the Court of Errors and Appeals of Delaware in State v. Horner, 1 Marv., 511, the court by Robinson, Chief Justice, said:

''The contention is that in order to constitute the offense of spiriting away a witness, the party persuaded must have been summoned or recognized to appear. It

is not denied that offense of spiriting away a witness is an indictable offense at common law. It was early recognized as being absolutely essential to the existence of courts and their efficiency in performing the functions for which they were created that such offenses against them should be punishable as crimes. The great object of their existence is the ascertainment of truth in its relations to the transactions of men, and they can only do so fairly and impartially when all persons having knowledge of the transactions inquired of are brought or allowed to come before them for examination without let or hindrance from any one."

*    *    *

"Nor do we think that this offense can only be committed where the witness has been legally summoned or is at the time bound by recognizance to appear. The offense is committed not against the process of the courts, but against the sole object and purpose of their existence and the reason of their being, which as we have said before, is the ascertainment of the truth; and it is indictable because it is an attempt to stifle the truth and not because it is a contempt of any process of the courts."

The same rule was followed by the Supreme Court of Maine in State v. Holt, 84 Me., 509, where the defendant had gotten a witness drunk to prevent him from testifying. A conviction was sustained, although the witness had not been subpoenaed. The court said:

"Intentionally and designedly to get a witness drunk, for the express purpose of preventing his appearance before the grand jury, or in open court, is such an interference with the proceedings in the administration of justice as will constitute an indictable offense, and one for which the guilty party ought to be properly and severely punished. And it is important that it should be understood that the suppression of evidence by such, or by any similarly wicked and corrupt means, cannot be practiced with impunity."

In State v. Desforges, 47 La., 1201, the Supreme Court of Louisiana, having the same question before it under a statute which was only declaratory of the common law, said:

"If the prosecution is in contemplation, and aware that it is about to begin, a party, with the view to defeat the investigation, approaches one known to be an

indispensable witness, and by bribes and persuasion attempts to prevent him from appearing or giving testimony, in our view the crime of guilty persuasion is accomplished.''

The Supreme Court of Washington in State v. Bringgold, 40 Wash., 20, reached the same conclusion, and in this opinion it is stated that there are no decisions to the contrary. See also Wharton on Criminal Law, section 2287.

The course of public justice must not be impeded. The gist of the offense is not a contempt of the court, or an abuse of its process, but the obstruction of justice. He who knows that another will be a witness, or has reason to know it, and so knowing, causes the witness to absent himself for the purpose of preventing his testifying, is guilty of obstructing justice, although the witness may not have been subpoenaed, or his testimony if given, would not have been important. The law does not tolerate that its proceedings shall be stifled, and the running off of a witness to stifle a prosecution is none the less an offense because it is done before the grand jury is empaneled.

We, therefore, conclude that the court erred in sustaining the demurrer to the indictment.

Judgment reversed and cause remanded with directions to the circuit court to overrule the demurrer.