COMMONWEALTH *vs.* FRED B. PERKINS & another.

Worcester.    October 2, 1916. — October 14, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Witness,* Procuring absence of. *Conspiracy. Pleading, Criminal,* Indictment.

It is a criminal conspiracy for persons to agree together to obstruct the course of justice by procuring a material witness to absent himself from a trial, although he is not under process to attend.

Under R. L. c. 218, § 34, an indictment setting forth the pendency in court of a complaint against a certain person for the illegal sale of intoxicating liquor and charging that one of the two defendants named in the indictment was a material witness at the trial of such complaint and that the two defendants named in the indictment conspired together to obstruct the course of justice by agreeing in consideration of the payment of $500 to bring it about that the defendant who was wanted as a witness at the trial of the complaint should absent himself from that trial, is sufficient as an indictment for criminal conspiracy.

INDICTMENT found and returned in the county of Worcester in October, 1915, charging that Fred B. Perkins and Edward L. Scully of Webster on or about March 2, 1915, "well knowing that complaints for the illegal sale or illegal keeping of intoxicating liquors were pending in the First District Court of Southern Worcester against William Winter, of Dudley, in said county, and against divers other residents of said Webster and said Dudley, and knowing that the said Perkins was a material witness therefor in behalf of said Commonwealth to testify concerning the allegations

in said complaint, did conspire together to obtain money from said William Winter and others, in return for an agreement on the part of said Perkins to absent himself from said court and not to appear before the same to give evidence of what he knew concerning said complaints, and did contrive, intend and conspire to impede and obstruct the due course of justice therein and did then and there propose to said Winter that said Perkins should not appear before said court and should absent himself therefrom and should not prosecute said complaints against said Winter and said others for the sum of five hundred dollars to be paid to them, the said Perkins and the said Scully, and did then and there agree with said Winter and others, that said Perkins should absent himself from said court and not appear before the same to give evidence of what he knew concerning said complaints against said Winter and said others."

The defendants were tried before *Callahan,* J. Before the jury were impanelled the defendants moved to quash the indictment. This motion was denied by the judge, and the defendants excepted and appealed.

The case was tried upon an agreed statement of facts which it was admitted that the Commonwealth could prove. The defendants asked the judge to order verdicts for the defendants and also asked him "to rule that upon the agreed facts the defendants cannot be convicted upon this indictment." The judge refused to order the verdicts or to make the ruling requested, and the jury returned a verdict of guilty against both defendants. The defendants alleged exceptions, and the judge granted a stay of sentence under R. L. c. 220, § 3.

The case was submitted on briefs.

*G. S. Taft,* for the defendants.

*J. A. Stiles,* District Attorney, & *E. T. Esty,* Assistant District Attorney, for the Commonwealth.

LORING, J. 1. In *Commonwealth* v. *Reynolds,* 14 Gray, 87, it was decided that it is a criminal offence at common law to procure a person summoned as a witness to absent himself from the trial. This decision was made on the authority of 4 Bl. Com. 126, 1 Russ. on Crimes, (7th Am. ed.) 183, *State* v. *Keyes,* 8 Vt. 57, *State* v. *Carpenter,* 20 Vt. 9. Of these authorities *State* v. *Carpenter* is the only one where it affirmatively appears that the witness was under process to testify. In *State* v. *Keyes* it appeared affirma-

tively that he was not. The language of the other authorities and the cases on which they are founded (see 1 Hawk. P. C. (8th ed.) c. 6, § 15; *Rex* v. *Lawley,* 2 Stra. 904) is general. In addition there is authority for the proposition that the crime is made out although the person who is in fact a witness is not under process to attend. *Commonwealth* v. *Berry,* 141 Ky. 477, and cases there cited. However that may be, there can be no doubt but that it is a criminal conspiracy to agree together to obstruct the course of justice by procuring a material witness to absent himself from the trial although he is not under process to attend. *State* v. *Bartlett,* 30 Maine, 132. *State* v. *De Witt,* 2 Hill (S. C.) 282. *King* v. *Mawbey,* 6 T. R. 619. *Regina* v. *Hamp,* 6 Cox C. C. 167.

There is nothing in the suggestion that R. L. c. 210, § 37, defining the crime of compounding a felony, has impliedly brought to an end this common law crime.

2. The indictment, although not well drawn, is sufficient at least under R. L. c. 218, § 34. After setting forth the pendency in court of a complaint against one Winter for the illegal sale of intoxicating liquor, and the fact that the defendant Perkins was a material witness at the trial thereon, the indictment in substance charges the defendants with having conspired to obstruct the course of justice by agreeing in consideration of the payment of $500 to bring it about that Perkins should absent himself from the trial.

It is not necessary to consider the cases relied on by the defendants decided before the enactment of what is now R. L. c. 218.

*Exceptions overruled.*