## PRICHARD *v.* THE STATE.

1. Under sections 339 and 366 of the Penal Code, a third person can not be punished for resisting or obstructing an officer in this State who is attempting, without a warrant, to arrest another for a violation of the prohibition law of this State, which makes the possession or transportation from point to point in this State of intoxicating liquors a misdemeanor.
2. The above sections of the Penal Code only adopt and make crimes in this State offenses against public justice or against the public peace which were punishable as such at common law.

No. 4852.    JUNE 20, 1925.

The Court of Appeals (in Case No. 16238) certified the following question: "Where an officer, a county policeman of Campbell County, Georgia, is attempting in that county to arrest, without a warrant, a person who is committing in the presence of the officer, a criminal offense by transporting through that county intoxicating liquors in an automobile, and where a third person knowingly, wilfully, and forcibly obstructs the officer (while the officer is attempting to arrest the criminal), by blocking the road with an automobile driven by him, and attempting to run the car driven by the officer into a ditch, or to wreck the officer's car, is the third person guilty of an offense against public justice, and can he be punished as for a misdemeanor, under authority of sections 339 and 366 of the Penal Code of 1910?"

*C. G. Battle,* for plaintiff in error.

*William B. Jones, solicitor,* and *Lawrence S. Camp,* contra.

HINES, J. Section 339 of the Penal Code is as follows: "Other offenses against public justice. Any other offense against public justice, not in this Division provided for, shall be a misdemeanor." Section 366 of the Penal Code is in these words: "Other offenses against the public peace. All other offenses against the public peace, not herein provided for, are misdemeanors." The Court of Appeals wishes instruction from this court on the question whether a person is guilty of an offense against public justice or an offense against the public peace, and can be punished as for a misdemeanor under the above sections of the Penal Code, where such person knowingly, wilfully, and forcibly obstructs a county policeman who, in his county, is attempting to arrest, without a warrant, a third person who is committing in the presence of the officer a criminal offense under our prohibition law by transporting through said county intoxicating liquors in an automobile, such obstruction consisting in driving an automobile across the road and in front of the automobile in which the officer is pursuing such third person for the purpose of his arrest, and the purpose of such obstruction being to ditch the officer's automobile or to wreck the same, and thus prevent the arrest of the fleeing offender. We have no statute in this State which makes it an offense to resist or obstruct a public officer who is attempting to arrest, without a warrant, a person for the commission of a misdemeanor in his presence, unless one or the other of the above-quoted sec-

tions creates such offense. These sections did not create new offenses unknown to the common law. They only adopted common-law crimes, and made them Georgia crimes. So in *Ormond* v. *Ball,* 120 *Ga.* 916 (48 S. E. 383), this court held the first of these sections was sufficiently broad in its terms to authorize the punishment of any offense which at common law was an offense against public justice. These sections punish persons only for things which were offenses against public justice or against the public peace by the common law. At common law the possession and transportation of intoxicating liquors was not a crime. It follows that by that law no person could be arrested, either with or without a warrant, for possessing and transporting intoxicating liquors. A citizen, by common law, and by our law, can resist an illegal arrest, and in resistance of such arrest can use such force as may be necessary to prevent the same. *Coleman* v. *State,* 121 *Ga.* 594 (49 S. E. 716). It follows that by the common law a person could not be punished for resisting or obstructing his unlawful arrest. Likewise no person could be punished by that law for resisting or obstructing the illegal arrest of another. The fact that the possession of intoxicating liquors and their transportation from point to point in this State have been made offenses by statute (Acts Ex. Sess. 1917, p. 8), and the further fact that an officer in this State can arrest without a warrant for a misdemeanor if the same is committed in his presence or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant (Penal Code, § 917), do not authorize the punishment of a person, under the sections which we are considering, for resisting or obstructing an officer who is attempting to arrest a person for violation of the above prohibition statute by possessing and transporting from point to point in this State intoxicating liquor. The effect of the prohibition law making the possession or transportation of such liquors a crime, and the effect of last-cited section of the Penal Code authorizing an officer to make an arrest for a misdemeanor committed under either of the circumstances enumerated in said section, is not to make resistance or obstruction of an officer attempting to make such arrest a crime under sections 339 and 366 of the Penal Code.

It follows that the question propounded by the Court of Appeals must be answered in the negative.

*All the Justices concur, except Gilbert, J., absent for providential cause.*