30852.   KILPATRICK *v.* THE STATE.

DECIDED JULY 12, 1945.

*Howard, Camp & Tiller,* for plaintiff in error.

*E. E. Andrews,* solicitor-general, *Durwood T. Pye,* contra.

MACINTYRE, J. To dissuade or prevent or to attempt to dissuade or prevent a witness from attending or testifying upon a trial is an indictable offense at common law. People *v.* Boyd, 174 Mich. 321 (140 N. W. 475); State *v.* Keyes, 8 Vt. 57 (30 Am. D. 450); Commonwealth *v.* Reynolds, 14 Gray 87 (74 Am. D. 665); Commonwealth *v.* Berry, 141 Ky. 477 (133 S. W. 212, 33 L. R. A. (N. S.) 976). "Since 1833 we have had only statutory offenses." *Thrower* v. *State,* 117 *Ga.* 753, 757 (45 S. E. 126). While there is no provision in our Code which in terms makes it an indictable offense to dissuade or prevent, or to attempt to dissuade or prevent a witness from attending or testifying upon a trial, yet, there appears, at the conclusion of part IX of title 26 of the Code, which deals with Crimes against public justice and official duty, the following section (26-5001) : "Any other offense against public justice, not in this title provided for, shall be a misdemeanor." Part IX of title 26 begins with section 26-4001, which defines the offense of perjury, and embraces a complete chapter on misconduct by officers and other persons concerning the administration of justice, and deals with such offenses as the obstructing or attempting to obstruct the due course of public justice by "spiriting" away, or attempting to "spirit" away, or preventing, or attempting to prevent the attendance of witnesses from testifying upon a trial. *Ormond* v. *Ball,* 120 *Ga.* 916, 924 (48 S. E. 383); *Prichard* v. *State,* 160 *Ga.* 527 (2) (128 S. E. 655). Hence, to dissuade or prevent, or to attempt to dissuade or prevent, a witness from attending or testifying upon a trial, is an indictable offense under the law, and is a misdemeanor in Georgia, under the express provisions of the Code, § 26-5001. The allegations in count 1 constitute a statutory offense in that it is one of

the other statutory offenses against public justice covered in section 26-5001 of the Code.

The next attack on the indictment is that there having been no subpœna served on the person he can not be considered in the light of a witness and the indictment not alleging that the witness had been subpœnaed was defective in this regard. "But it will be difficult to say, just when the person will become so far a witness that it will be an offense to hinder him from giving his attendance upon the court. The essence of the offense is obstructing the due course of justice. This has always been held indictable as a misdemeanor at common law. Whether the witness had been served with a subpœna or not, can not be esteemed very material. The effect of the act and intent of the offender is the same, whether the witness has been or is about to be served with a subpœna, or is about to attend in obedience to a voluntary promise. Any attempt, in either case, to hinder his attendance, is equally criminal, and equally merits punishment." State v. Keyes, supra. The question in the instant case is not whether the witness has been guilty of a contempt in disobeying the process of the court, but whether there has been a corrupt attempt to obstruct the due course of public justice by "spiriting" away or attempting to "spirit" away, or preventing or attempting to prevent, the attendance of a witness upon a trial. If the defendant knew of his being a witness and about in due course of law to attend the trial, and endeavored to dissuade and hinder him therefrom, his offense is complete. State v. Keyes, supra. Such an attempt, as is alleged in count 1 of the indictment, whether successful or unsuccessful, though made before the service of the subpœna, is nevertheless punishable. Count 1 is not subject to the demurrer urged.

The defendant states, in his brief, that the demurrer to count 2 was substantially identical with the demurrer to count 1, except in so far as count 1 purported to charge a conspiracy, that is, the demurrer to count 1 attacked the second count upon the ground that the indictment charged the defendant with no offenses under the laws of Georgia and was wholly insufficient in law. It should be borne in mind that our law recognizes that one may conspire with another to commit a crime, and the conspiracy is referred to as an incident to, and one of the means by which the act is accomplished. The conspiracy of itself is no crime. The crime is

the act prohibited by statute. *Daniels* v. *State, 58 Ga. App.* 599, 609 (199 S. E. 572). To illustrate: It would not be proper to charge the jury to bring a verdict of conspiracy to rob, but the verdict should be for robbery, even though the State should prove that it was a conspiracy to rob, and in pursuance thereof the defendant did rob. Under the rules of law hereinbefore stated, there is no merit in the demurrer.

The stipulation or the agreed statement of facts admits every allegation in the indictment and shows further that the defendant and Eva Evans took the witnesses in question to another county and put them on the bus to leave the State, furnishing them the money for their transportation. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*