### 45501. BAKER v. THE STATE.

EBERHARDT, Judge. J. A. Baker, Jr., the defendant, obtained a search warrant for an establishment in Savannah wherein it was sought to find evidence of the operation of a bolita game. He and three other officers searched the place under the warrant, and found adding machine tapes, with names written opposite columns of figures, scratch pad sheets with the same names written on them, and tickets such as are generally used in playing the numbers game known as bolita. These were confiscated, and two operators of the place were charged with the offense of running a bolita game. A female present and who possessed some tickets was charged with possessing bolita materials. The evidence seized was turned in at the police department, placed in a sealed envelope and filed for use in prosecution of the cases made. When one of the cases was set for trial defendant Baker obtained the envelope and took it to court. The case was continued, and the envelope was returned. The case was again set for trial and detective Izzo, who had assisted in the raid and the confiscation of the evidence, obtained the envelope in preparation for assisting and testifying in the prosecution, but discovered that the adding machine tapes, etc., which were originally seized had been taken out and others substituted, carrying meaningless numbers which did not total up, and false or unknown names opposite the several columns of figures, and that whereas all numbers on the original

tapes had been in black, there were some in red on those which he found in the envelope.

The substituted items, together with known standards of the handwriting of defendant and others were submitted to the crime laboratory in Atlanta, where a handwriting expert found strong evidence indicating that the writing on the substituted items was that of defendant, but for the purpose of making further comparisons, called for additional standards. Baker and all others who were involved in the raid and seizure of evidence, and the clerk in whose custody the envelope was kept, were asked to make five copies of the names, etc., appearing on the substituted items, and were advised of their rights to refuse to do so. All voluntarily wrote the names and numerals as requested, and these were submitted to the crime laboratory. Further comparison indicated that the writings on the substituted items were in defendant's handwriting.

Defendant was thereupon indicted for the offense of obstructing justice under *Code* § 26-5001[1] and was convicted. From the overruling of his demurrer to the indictment and the overruling of his motion for new trial, as amended, defendant appeals. *Held:*

1. Defendant demurred to the indictment on the ground that only an offense which was indictable at common law was made penal under *Code* § 26-5001, and that it was not alleged that bolita was a common-law offense. The demurrer was properly overruled. Defendant was not indicted for the offense of operating a bolita game, but for the offense of obstructing justice. To obstruct justice is to interpose obstacles or impediments, or to hinder, impede or in any manner interrupt or prevent the administration of justice. The purloining, destruction or substitution of evidence needed or useful in the prosecution of a criminal offense in such a manner that the true and genuine evidence is not available for use in the prosecution is one of the ways by which justice may be obstructed, and was itself an offense punishable at common law, though it is made a statutory offense by *Code* § 26-5001. *Kilpatrick v. State,* 72 Ga. App.

---

[1]The offense is under§ 26-2503 of the new Criminal Code.

669 (34 SE2d 719). The requirements of *Prichard v. State,* 160 Ga. 527 (2) (128 SE 655) are fully met.

2. For the same reason it was proper to deny defendant's request to charge that in order to convict it would be necessary, inter alia, that it be made to appear that bolita was an offense punishable at common law.

3. Likewise, a denial of a request to charge on what would constitute the offense of bolita, or that in connection with the institution of a prosecution for that offense it would be necessary for the State to show that the evidence seized under the search warrant was lawfully obtained, and that the search warrant was not defective or legally insufficient. While this request may have been appropriate on the trial of the parties charged with operating a bolita game, certainly portions of it had no relevancy to the trial of the offense charged against this defendant. A request must be correct, apt, and even perfect, and precisely adjusted to some principle involved in the case on trial. *Slaughter v. Linder,* 122 Ga. App. 144 (2b) (176 SE2d 450).

4. There was no error in charging that "At common law it was punishable as a crime to commit an act constituting or directly tending to an obstruction or a perversion of public justice." *Kilpatrick v. State,* 72 Ga. App. 669, supra.

5. A constitutional attack on *Code* § 26-5001 on the ground of vagueness made for the first time on appeal presents no question for an appellate court to decide. *Columbus & Western R. v. Flournoy & Epping,* 75 Ga. 745 (2a); *Robinson v. McLennan,* 224 Ga. 415 (2) (162 SE2d 314).

6. Error in the admission of evidence urged for the first time on appeal presents no question for review. Consequently enumerations of error numbered 5 and 8 are without merit. *Morris v. State,* 200 Ga. 471 (1) (37 SE2d 345).

7. The testimony of Sgt. J. E. Weaver that before the standards of handwriting were obtained from the defendant for use in making comparisons with the writing on the substituted items all of the persons requested to give samples of handwriting, including the defendant, "were advised by Lt. Murphy of their rights and that they did not have to submit to any questions and that

they did not have to give the handwriting samples, that they had a right to counsel if they wished an attorney, and that they might stop at any time they wished, and that all stated that they understood their rights but wished to continue" in the giving of handwriting samples or standards, was wholly uncontradicted. Thus, enumerations numbered 6 and 7 to the effect that the defendant was required to give samples of his handwriting without having been advised of his constitutional rights are not substantiated by the record and are without merit. *Arkwright v. State*, 223 Ga. 768 (5) (158 SE2d 370).

8. There was ample evidence to support the verdict.

*Judgment affirmed. Jordan, P. J., concurs. Pannell, J., concurs in the judgment.*

SUBMITTED SEPTEMBER 10, 1970—DECIDED SEPTEMBER 22, 1970—
REHEARING DENIED OCTOBER 7, 1970—

*Kravitch & Hendrix, Aaron Kravitch,* for appellant.
*Andrew J. Ryan, Jr., Solicitor, Tom A. Edenfield,* for appellee.