STATE *vs.* WILLIAM HOLT.

Waldo.    Opinion June 2, 1892.

*Obstruction of Justice.    Witness.    Indictment.    Pleading.*

A wilful and corrupt attempt to prevent the attendance of a witness before any lawful tribunal organized for the administration of justice is an indictable offense at common law. The essence of the offense consists in a wilful and corrupt attempt to interfere with and obstruct the administration of justice.

Intentionally and designedly to get a witness drunk, for the express purpose of preventing his attendance before the grand jury, or in open court, is such an interference with the proceedings in the administration of justice as will constitute an indictable offense.

In an indictment for such an offense, it is not necessary to aver that the witness had been summoned, or that a summons had been issued, or that a cause was pending requiring the attendance of a witness.

ON EXCEPTIONS.

The defendant was indicted for obstructing the due course of justice by enticing, soliciting and persuading a witness, Treat, who had been summoned to appear before the court at Belfast, to become intoxicated, and by then and there removing and abducting the witness, whereby he did not appear and give evidence.

The defendant filed a general demurrer to the indictment, which was joined by the attorney for the State. The presiding justice overruled the demurrer and sustained the indictment, and the defendant took exceptions.

The indictment is sufficiently stated in the opinion.

*C. E. Littlefield,* Attorney General, and *W. T. C. Runnells,* County Attorney, for the State.

*W. H. Fogler,* for defendant.

The indictment should aver, (1,) that there was pending a cause or proceeding in which Treat was required as a witness; (2,) that process requiring his attendance was issued by competent authority; (3,) that such process was duly served upon him.

Counsel cited: 1 Whar. Crim. Law, § 285; *State* v. *Philbrick,* 31 Maine, 403; *People* v. *Gates,* 13 Wend. 311; *State* v. *Paul,*

69 Maine, 215–217, 218 ; Whar. Prec. of Ind. & Pleas, § § 602, 606 ; *Com.* v. *Reynolds*, 14 Gray, 87 ; *State* v. *Learned*, 47 Maine, 433 ; *Lambert* v. *People*, 9 Cow. 624.

WALTON, J.  A wilful and corrupt attempt to prevent the attendance of a witness before any lawful tribunal organized for the administration of justice is an indictable offense at common law.  The essence of the offense consists in a wilful and corrupt attempt to interfere with and obstruct the administration of justice.  And when the act and the motive are first directly averred, and then clearly proved, punishment should follow.

In this case, the indictment alleges that the defendant, " well knowing that one Fred N. Treat, had been summoned in due form of law to appear before the Supreme Judicial Court holden at Belfast within and for the county of Waldo, on the thirtieth day of April aforesaid, then and there to give evidence in said court in behalf of the State, and contriving and intending to obstruct the due course of justice, did then and there unlawfully and corruptly prevent, and attempt to prevent the said Treat from appearing at said court to give evidence as aforesaid, by then and there soliciting, enticing, and persuading the said Treat to become intoxicated, and by then and there removing and abducting him the said Treat, whereby the said Treat did not appear at said court and give evidence," etc.

It is objected that this indictment is not sufficient, because it does not aver that the witness had been summoned, or that a 'summons had been issued, or that there was a cause pending requiring the attendance of the witness.

We do not think that either of these objections can be sustained.

In *State* v. *Keyes*, 8 Vt. 57 (30 Am. Dec. 450), in a well considered opinion by Mr. Justice Redfield, the court held that it had always been an indictable offense at common law to attempt to prevent the attendance of a witness before a court of justice, although no subpœna for the witness had been served or issued.  It will not do for a moment, said the court, to admit that witnesses may be secreted, or bribed, or intimidated, and

the guilty parties not be liable unless a subpœna has been served upon the witnesses. The doing of any act, continued the court, tending to obstruct the due course of public justice, has always been held to be an indictable offense at common law; and bribing, intimidating and persuading witnesses, to prevent them from testifying, or to prevent them from attending court, has been among the most common and the most corrupt of this class of offenses; and whether the witness has been served with a subpœna, or is about to be served with one, or is about to attend in obedience to a voluntary promise, is not material; for any attempt, in either case, to prevent his attendance, is equally corrupt, equally criminal and equally deserving of punishment.

In *Com.* v. *Reynolds*, 14 Gray, 87, the court held it to be an indictable offense at common law to dissuade, hinder, or prevent a witness from attending before a court of justice; and that an indictment for such an offense need not allege in whose behalf the witness had been summoned, nor that his testimony was material. The offense, said Mr. Justice Metcalf, is the obstruction of the due course of justice; and the obstruction of the due course of justice means not only the due conviction and punishment, or the due acquittal and discharge, of an accused party, as justice may require; but it also means the due course of the proceedings in the administration of justice; that, by obstructing these proceedings, public justice is obstructed.

Intentionally and designedly to get a witness drunk, for the express purpose of preventing his attendance before the grand jury, or in open court, is such an interference with the proceedings in the administration of justice as will constitute an indictable offense, and one for which the guilty party ought to be promptly and severely punished. And it is important that it should be understood that the suppression of evidence by such, or by any similarly wicked and corrupt means, can not be practiced with impunity.

> *Exceptions overruled. Indictment adjudged sufficient.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.