PEOPLE v. BOYD.

1. CRIMINAL LAW—OBSTRUCTING JUSTICE—OFFENSES.

To dissuade or prevent, or to attempt to dissuade or prevent, a witness from attending or testifying on the trial of a cause, is an indictable offense based on the common law, and is punishable under 3 Comp. Laws, § 11795, 5 How. Stat. (2d Ed.) § 14987.

2. SAME — INDICTMENT OR INFORMATION — PLEADING — OFFENSE — WITNESSES.

It was not necessary to allege in the information that a valid indictment or information was filed in the original cause, or that the court had jurisdiction, or that the local-option law, which respondent was then charged with violating, was in force in the county where the prosecution was laid.

3. SAME.

Whether or not the act of respondent, charged with spiriting away a witness, in fact obstructed justice, the information was not open to the objection that it should have charged him with an attempt to obstruct justice, where it alleged that he carried or spirited away the witness, with intent to obstruct and hinder the due course of justice, and for the purpose of preventing the witness from testifying; the acts charged constituted the offense.

4. SAME—CHARGE—TRIAL—EVIDENCE.

On testimony of a witness, whom respondent carried out of the jurisdiction, to the effect that he had made up his mind

174 MICH.—21.

he did not want to be a witness, it was not error to refuse a request to charge that if the witness absented himself because he wanted to avoid being a witness, and not because of any act of respondent, respondent should be found not guilty; the charge of the court covering the essential facts and findings on which a verdict of guilty must rest.

5. SAME—TRIAL—ARGUMENT.

Nor was it error for the prosecutor, in reply to the argument of respondent's counsel, to argue that there was no explanation of the fact that the accused took the witness in his automobile to Ohio at the time in question, and bought a lunch for him: and the language did not violate the rule that the prosecutor may not comment on respondent's failure to testify.

Exceptions before sentence from Hillsdale; Chester, J. Submitted January 21, 1913. (Docket No. 120.) Decided March 20, 1913.

William J. Boyd was convicted of obstructing the administration of justice. Affirmed.

*Andrew B. Dougherty,* Deputy Attorney General, *Orville J. Cornell,* Prosecuting Attorney, and *Paul W. Chase,* ex-Prosecuting Attorney, for the people.

*Fitzpatrick & Grommon,* for respondent.

McALVAY, J.   Respondent in this case was prosecuted before the circuit court for the county of Hillsdale and by a jury was convicted of the common-law offense of ob-

structing the administration of justice. The case is before this court on exceptions before judgment.

At the time of the commission of the alleged offense, there was a case pending against the respondent in the circuit court, aforesaid, upon an information filed therein against him, which case was upon the October, 1911, calendar of said court, which court convened October 9, 1911, and when the cause was reached upon the calendar the prosecutor answered that he was ready; that a motion for a continuance was filed by respondent, and the case was put at the foot of the calendar for further showing to be made on October 23d. Upon the said information therein the name of Nuel Craig was indorsed as a witness, and he was subpœnaed to appear and testify October 23d.

In the instant case the respondent is charged in the information (omitting the formal parts) as follows:

" On the 18th day of October, in the year one thousand nine hundred eleven, at the township of Cambria, in the said county of Hillsdale, one William J. Boyd, of said city of Hillsdale, having on the 9th day of October, A. D. 1911, been duly arraigned in the circuit court for the county of Hillsdale, on an information charging him with having kept a place where intoxicating liquors were kept for sale, sold, and furnished, in violation of Act No. 207 of the Public Acts of Michigan for the year 1889, as amended, and his plea thereto of not guilty having been entered by order of said court, and said cause having been set for trial at the October, 1911, term of said court, and one Nuel Craig having been duly summoned as a witness for the people on the trial of said cause to appear in said court on the 23d day of October, 1911, to testify in said cause, yet the said William J. Boyd, well knowing the premises, and with intent to obstruct and hinder the due course of justice, then and there wilfully and unlawfully dissuaded, hindered, bribed, hired, carried, and spirited away the said Nuel Craig, for the purpose of preventing him from appearing to testify as a witness on the trial of said cause, as aforesaid, to the obstruction and hindrance of public justice."

Upon the trial evidence was introduced tending to show

that respondent knew that Craig was the principal witness on the preliminary examination of the case in which he had been subpœnaed in the circuit court to testify; that respondent, having made arrangements and agreed to pay Craig $50 to leave the State and not be present to testify, took him in an automobile, with the driver of the car, on the night of October 18, 1911, from Hillsdale county to Pioneer, Ohio; that after lunch, paid for by respondent, they went to Montpelier, Ohio, where respondent left Craig at the Wabash depot, handing him $50, and then respondent, with the driver, returned to Hillsdale in the car. No evidence was introduced on the part of respondent.

The assignments of error which are relied upon by respondent relate to rulings of the court upon objections, and will be discussed in the order presented.

The respondent objected to receiving any testimony in the case under the information, for the reason that it alleged no offense known to the law. This was overruled and exception taken. At the close of the testimony on the part of the people, a motion was made on his part to strike out all the testimony in the case for the same reason, which was also denied.

The contention of the respondent is that this information contained no allegation showing that the court in the original case against respondent had any jurisdiction, for the reason, among others, that it did not show that the local-option law was in force in Hillsdale county.

The question presented is one of first impression in this court. At the common law, to dissuade or prevent, or to attempt to dissuade or prevent, a witness from attending or testifying upon the trial of a cause is an indictable offense. 29 Cyc. p. 1333, and cases cited. In Canada it is made an offense by the Code. Can. Cr. Code, § 180. By United States statute it is made an offense to impede or obstruct the due administration of justice by certain acts done with reference to a cause pending or contemplated to be brought in some Federal court.

Some of the United States have also enacted statutes of like character. We have no statute in this State upon the subject. The case is therefore prosecuted as a common-law offense, and in case of a conviction is punishable under section 11795, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 14987), which reads as follows:

"Every person who shall commit any indictable offense at the common law, for the punishment of which no provision is expressly made by any statute of this State, shall be punished by imprisonment in the county jail not more than two years, or fine not exceeding two thousand dollars, or both, in the discretion of the court."

It appears to be well settled upon authority that—

"Where dissuasion of or interference with a witness in a criminal proceeding is the basis of the charge, it is not necessary to allege that an indictment was found in the original case, the sufficiency of such indictment, or the guilt or innocence of the person therein charged." 15 Enc. Pl. & Prac. p. 27.

The question in the instant case is not the guilt or innocence of the respondent in the main case, nor the sufficiency of the information or the jurisdiction of the court, but whether the respondent is guilty of obstructing or interfering with the administration of justice. In an examination of the authorities we find none in conflict with the authority above cited. In one of the earliest authorities, where the exact question was before the Supreme Court of the State of Vermont (in 1847), that court said:

"Much of the argument at the bar has been expended upon supposed irregularities in the original proceedings against Goodale & Poor, and insufficiencies in the indictment against them prepared and laid before the grand jury. That indictment is not recited, and need not be in the present; it is not, consequently, before us. In offenses of this kind guilt or innocence does not depend upon the guilt or innocence of the original party, against whom the witness may be subpœnaed, or recognized, to appear; nor upon the sufficiency or insufficiency of the original indictment. To thwart or obstruct the due administration

of justice by violence, bribery, threats, or other unlawful
means, whether in preventing the attendance of witnesses,
jurymen, or other officers of court, is a high-handed
offense, which strikes at the vitals of judicial proceedings,
and subjects to severe animadversion in every well-
ordered community. The attempt to commit such an act,
it is well settled, is itself a substantive offense, punishable
by the common law.

"In this instance, the attempt was unsuccessful; the
witness, Warren, attended court and testified before the
grand jury, as he had bound himself by recognizance to
do. Moreover, the parties against whom he appeared
must be taken to have been innocent of the crime imputed
to them; and, in addition to this, the indictment against
them, if in the description of the offense it followed the
complaint filed before the magistrate, I am inclined to
think was fatally defective. Still, all these circumstances
are entirely consistent with the respondent's guilt. Since
the case of *State* v. *Keyes*, 8 Vt. 57 [30 Am. Dec. 450]
(1836), it is quite unnecessary to pursue this subject at
any length." *State* v. *Carpenter*, 20 Vt. 9, 12.

See, also, 3 Bishop's New Criminal Procedure, § 897; 2
Wharton's Criminal Law (11th Ed.), § 1597. See, also,
*State* v. *Holt*, 84 Me. 509 (24 Atl. 951); *Commonwealth*
v. *Berry*, 141 Ky. 477 (133 S. W. 212, 33 L. R. A. [N.
S.] 976, Ann. Cas. 1912C, 516), and notes.

The court was not in error in admitting the testimony
under the information, for the reason that the information
sufficiently charged an offense.

It is further contended that the record shows that there
was no obstruction to the due course of justice by the acts
of respondent, if he committed them; and that, at most,
these acts could only be charged as an "attempt." The
charge in the information is that respondent, "well know-
ing the premises," and "with intent to obstruct and hin-
der the due course of justice, then and there wilfully and
unlawfully dissuaded, hindered, hired, carried, and spirited
away the said Nuel Craig, for the purpose of preventing
him from appearing to testify as a witness on the trial of
said cause."

There was evidence in the case tending to show that re-

spondent had carried and spirited away this witness, for the purpose of preventing him from appearing and testifying. This charges a substantive offense; that respondent did this with intent to obstruct and hinder the due course of justice; therefore, when the acts charged were committed, the offense charged was complete. As will be seen from some of the cases already cited *supra,* only an "attempt" was charged. Respondents in these cases were charged with "endeavoring to dissuade, hinder, and prevent witness from appearing and testifying," and were held guilty, although the witness was not thereby prevailed upon to leave the jurisdiction. This objection was included in the motion to strike out the testimony and direct a verdict for respondent, on the ground that the offense proved was not the offense charged in the information. We determine that the court properly overruled the motion and submitted the facts to the jury.

Error is also assigned upon the refusal of the court to charge as follows:

"If Craig absented himself because he wanted to avoid being a witness, and not because of any act of the defendant, then the defendant is entitled to your verdict of 'Not guilty.'"

We do not think that the request, in the form presented, was warranted by the testimony of this witness, as appears from the colloquy between the court and counsel, where attention was drawn by the court to the fact that the witness Craig did not testify as claimed, but testified that he had made up his mind that he did not want to be a witness; and, further, the charge of the court fairly submitted the question in charging the jury upon the facts they must find beyond a reasonable doubt, in order to return a verdict of "Guilty;" also that, unless they did so find, they must return a verdict of "Not guilty."

The last assignment of error relates to remarks of the prosecutor in his opening and in his final argument to the jury. The remarks in his opening argument related only to the service of the subpœna on Craig, and do not require

discussion. The objection requiring consideration is to the last words of a long paragraph of the final argument of the prosecutor, as follows:

"Any explanation of why Mr. Boyd, in the automobile with Mr. Craig, was at the Wabash in the city of Montpelier, Ohio, at midnight on the 18th of October? Any reason? I haven't heard it advanced. Have you?"

This paragraph began as follows:

"I listened for an explanation from my brothers as to the reason that Mr. Boyd, on that night, should stop down there at Pioneer, Craig in his automobile, paid for by Boyd, buying a midnight lunch for Craig and Mr. Harmon [the driver]."

The claim is made that these words, objected to, were prejudicial and ground for reversible error. As appears from our quotation from the beginning of this paragraph, the prosecutor makes it in answer to the argument of opposing counsel, not for the purpose of calling attention to the fact that respondent did not testify in the case; and any inference to that effect is not the natural inference to be drawn from this argument. The case is not within the cases relied upon by respondent. This argument was not of that class which has been held by this court to constitute prejudicial error.

We find no error in the record of this case. The conviction is affirmed, and the case will be remanded to the circuit court, with directions to proceed to judgment.

STEERE, C. J., and MOORE, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred. KUHN, J., did not sit.