48 P.(2d) 403

**STATE v. JONES et al.**

No. 4108.

Supreme Court of New Mexico.

July 29, 1935.

R. C. Garland and R. R. Posey, both of Las Cruces, for appellants.

Frank H. Patton, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for the State.

ZINN, Justice.

A grand jury returned an indictment containing two counts. The first count charged appellants, and others, of attempting to intimidate one J. C. Rhyne, a witness in a cause pending in a justice of the peace court wherein appellant Jones was charged with the crime of assault with a deadly weapon upon J. C. Rhyne. The sec-

ond count charged the same appellants with offering to bribe and bribing J. C. Rhyne, the witness.

Appellants were found guilty on the second count, and not guilty as to the first count. Judgment was rendered sentencing appellants to serve a jail term and pay a fine. From such judgment, this appeal is prosecuted. Five points are relied on for reversal.

Appellants contend that the court erred in refusing to admit testimony offered by appellants relating to the difficulty between witness Rhyne and appellant Jones, which resulted in the criminal charge of assault with a deadly weapon being lodged against Jones. It appears that the justice of the peace had testified to the fact that Rhyne had filed a complaint in his court charging Jones with having made an assault on Rhyne with a deadly weapon, to wit, a chair. W. D. Rhyne, a witness for the state had testified, not in response to any direct question, but voluntarily, as follows: "You want me to tell about what happened after the 12th—after J. C. Rhyne was knocked in the head by Jones?"

No objection was made by appellants to this testimony. No motion was made to strike the testimony. Appellants then offered to prove by a witness the facts in connection with the fight between Rhyne and Jones. This offer was objected to by the state as having no bearing upon the issues

in this case. The objection was sustained by the court.

██ Appellants contend that they were prejudiced by the above testimony in the eyes of the jury, and therefore should have been permitted to show the facts relating to the assault to refute the testimony of the state's witnesses, and also prove in this case that appellant Jones was not guilty of any assault with a deadly weapon, and therefore they could not be guilty of bribing or offering to bribe witness J. C. Rhyne to "stifle the truth."

The testimony of the state's witnesses went in without objection. If the state's testimony was inadmissible and prejudicial to appellants, a timely objection would have prevented the receiving of such testimony. Having failed to object, appellants cannot claim an offsetting right to introduce objectionable testimony when resisted by the state.

The appellant's theory that the testimony was admissible to prove that the criminal charge against Jones was without foundation is untenable. The state does not have to prove that the defendant in the main case was guilty of the crime charged before it can proceed to prove the guilt of defendant on the charge of bribery. The converse is also true. The defendant cannot be permitted to prove his innocence of a crime charged in the main case, if brought to trial on another charge of having bribed or attempted to bribe a prospective witness in the main case. 46 C. J. 877.

As so aptly stated by the Supreme Court of Michigan, in a leading case: "The question in the instant case is not the guilt or innocence of the respondent in the main case, nor the sufficiency of the information or the jurisdiction of the court, but whether the respondent is guilty of obstructing or interfering with the administration of justice. In an examination of the authorities we find none in conflict with the authority above cited. [15 Enc. Pl. & Pr. p. 27.] In one of the earliest authorities, where the exact question was before the Supreme Court of the state of Vermont (in 1847), that court said [State v. Carpenter, 20 Vt. 9, 12]; Much of the argument at the bar has been expended upon supposed irregularities in the original proceedings against Goodale & Poor, and insufficiencies in the indictment against them prepared and laid before the grand jury. That indictment is not recited, and need not be in the present; it is not, consequently, before us. In offenses of this character guilt or innocence does not depend upon the guilt or innocence of the original party, against whom the witness may be subpœnaed, or recognized, to appear, nor upon the sufficiency or insufficiency of the original indictment. To thwart or obstruct the due administration of justice by violence, bribery, threats, or other unlawful means, whether in preventing the attendance of

witnesses, jurymen, or other officers of court, is a high-handed offense, which strikes at the vitals of judicial proceedings, and subjects to severe animadversion in every well-ordered community. The attempt to commit such an act, it is well settled, is itself a substantive offense, punishable by the common law." People v. Boyd, 174 Mich. 321, 140 N. W. 475, at page 477.

■ Appellants also claim that the state failed to prove a crime within the meaning of Comp. St. 1929, § 35-2804. They contend that to bribe a witness to absent himself from a trial at which the witness is to testify is not governed by the language of the statute, section 35-2804, which reads as follows: "Any person who gives or offers to give any bribe or consideration in money or otherwise to any witness, or to any person who is likely to become a witness in any cause pending, or is about to be brought in any of the courts of this state, to testify to any fact or to abstain from testifying to any fact in any cause, and any witness or person who is likely to become a witness who receives or agrees to receive any bribe or consideration to testify to any fact or to abstain from testifying to any fact in any cause, in any of said courts, shall be punished by a fine not to exceed five hundred dollars or by imprisonment not to exceed one year, or by both such fine and imprisonment as the court may direct."

Appellants cite authorities to support their view. We are not impressed with the reasoning of the authorities cited or their applicability to a statute phrased as ours.

One who bribes or attempts to bribe a witness to leave the jurisdiction of the court to avoid giving evidence is guilty of obstructing public justice. This offense is one against the very object and purposes for which courts are established.

We quote from 8 R. C. L. 319: "While the cases are not numerous, it cannot be doubted that it is an indictable offense at common law to obstruct the due administration of justice. It was early recognized as being absolutely essential to the existence of courts and their efficiency in performing the functions for which they were created, that such offenses against them should be punishable as crimes. The great object of their existence is the ascertainment of truth in its relations to the transactions of men, and this can only be done fairly and impartially when all persons having knowledge of the transactions inquired of are brought or allowed to come before them for examination without let or hindrance from anyone. The 'due course of justice' in this connection means not only the due conviction and punishment, or the due acquittal and discharge of an accused person as justice may require, but it also means the due course of proceedings in the administration of justice. By obstructing the proceedings public justice is obstructed."

Our statute specifically covers bribery of a witness to abstain from testifying in any

cause. The nature of the proceedings in which a witness is to testify is immaterial. The crime may be committed by inducing a person not to attend as a witness, or by preventing one from appearing before a justice in an examination of a charge for violating the criminal law. Whether such withholding of testimony is accomplished by having the bribed witness withhold testimony while on the stand, or totally absenting himself from the witness stand, is, in either event, within the prohibition of the statute.

As said by the Supreme Court of North Carolina: " 'Persuading or inducing a witness not to attend court, whether under subpœna or not, is indictable. Inducing one to absent himself from attending as a witness before a justice, in an examination of a charge for violating the criminal law, is a high-handed offense.' 1 Revisal 1905, § 3696; In re Young, 137 N. Car. 552, 50 S. E. 220. In State v. Keyes, 8 Vt. 57, 30 Am. Dec. 450, it was held that it was not necessary to allege or show that the person against whom the witness would have testified was guilty. State v. Carpenter, 20 Vt. 9." State v. Hodge, 142 N. Car. 665, 55 S. E. 626, 628, 7 L. R. A. (N. S.) 709, 9 Ann. Cas. 563.

In the case of State v. Holt, 84 Me. 509, 24 A. 951, 952, where the defendant had gotten a witness drunk to prevent him from testifying, a conviction was sustained, although the witness had not been subpœnaed. The court said: "Intentionally and designedly to get a witness drunk, for the express purpose of preventing his attendance before the grand jury, or in open court, is such an interference with the proceedings in the administration of justice as will constitute an indictable offense, and one for which the guilty party ought to be promptly and severely punished. And it is important that it should be understood that the suppression of evidence by such, or by any similarly wicked and corrupt means, cannot be practiced with impunity."

The analogy between designedly getting a witness intoxicated to prevent him from testifying or bribing a witness to absent himself is too apparent to require exposition. A party, who, with a view to defeat a court investigation, approaches one known to be a witness, and by bribes and persuasion attempts to prevent him from appearing or giving testimony, is guilty of the crime defined by our statute, to wit, section 35-2804.

The gist of the offense is the obstruction of justice. The law does not tolerate that its proceedings shall be stifled, and securing a witness to absent himself to stifle a prosecution is an offense thereunder.

The next error urged upon us by appellants is in the failure of the court to instruct the jury upon appellant's theory that the accomplishment of the bribery, if it was accomplished, was in the state of Texas,

and not in the state of New Mexico, and no crime was committed against the sovereign state of New Mexico. As we said above, the gist of the offense was in the obstruction or attempt to obstruct justice. It is immaterial where the money was paid. The defendants are charged with either giving or offering to give witness Rhyne a consideration in a cause pending so he would abstain from testifying. The crime was not consummated in Texas, as contended for by the defendants, who cite State v. Faggard, 25 N. M. 76, 177 P. 748, as authority, but which we deem not in point, but in Dona Ana county, N. M., where witness Rhyne was first approached and offered a bribe to abstain from testifying. The trial court did not err.

■ Appellants also requested an instruction on their theory that witness Rhyne left the state because he, Rhyne, feared an indictment against him, and not as the result of any bribe or attempted bribe to abstain from testifying against the appellants. The court did not err. The court is not concerned why the witness abstained from testifying, but merely in the obstruction or attempted obstruction of justice on the part of the appellants. The appellants may have bribed the witness, and notwithstanding such bribe, the witness, though accepting the bribe, may have testified in the cause. Nevertheless, they would still be guilty. Clearly the results which the bribers of the witness hoped to achieve, failed, yet that would not acquit them of the crime of obstructing justice. The crime is established when it is proven that the appellants attempted to dissuade or prevent the witness from testifying.

■ Appellants claim error in the refusal of the trial court to compel the state to elect on which of the two counts in the indictment the state would stand. Ordinarily, we might consider whether the trial court had abused its discretion in not compelling an election. Here, however, the appellants were convicted under one count only, namely, the second count. Where defendants are convicted only on one count, though the indictment, in two counts, charges separate offenses, defendants cannot be heard to complain of error which did not operate to their prejudice, having been convicted upon one count only. We cannot see wherein the defendants were prejudiced when they were convicted upon the second count and acquitted on the first count. It cannot be seen how they were hurt by the jury doing the very thing they desired the state to do. 17 C. J. 286, § 3624.

■ Appellant Jones assigns error on the theory that there was insufficient evidence to support a verdict of guilty as to him. True, the evidence is circumstantial, and the court so instructed the jury. We have examined the record, and find that the jury was justified in inferring from the facts before it the guilt of appellant Jones. It is

contended by this appellant that by no known rule of law can a defendant be legally convicted by inference. In this he is mistaken. An inference is merely a logical deduction from facts and evidence. It is not a speculation, supposition, or conjecture. It is a conclusion drawn by reason from premises established by proof. 31 C. J. 1181.

The judgment will be affirmed.

It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and WATSON, JJ., concur.