1999-NMCA-138

992 P.2d 276

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Richard Rick PEREA, Defendant–
Appellant.**

**No. 19613.**

Court of Appeals of New Mexico.

Sept. 9, 1999.

Certiorari Denied, No. 25,967,
Oct. 25, 1999.

Patricia A. Madrid, Attorney General, M. Anne Kelly, Assistant Attorney General, Santa Fe, for Appellee.

Phyllis H. Subin, Chief Public Defender, Carolyn R. Glick, Assistant Appellate Defender, Santa Fe, for Appellant.

*OPINION*

WECHSLER, J.

{1}   Defendant appeals his felony conviction under NMSA 1978, § 30–24–3(A)(3) (1997), which prohibits bribery or intimidation of a witness.   Defendant was also convicted of misdemeanor criminal sexual contact but was acquitted of the other felony and misdemeanor charges brought against him.   On appeal he challenges the jury instructions given on intimidating a witness, the constitutionality of Section 30–24–3(A)(3), and the sufficiency of the evidence to support his conviction for intimidating a witness.   We conclude that there was fundamental error in the jury instruction and reverse and remand for a new trial on Defendant's conviction for intimidating a witness.   Because Defendant would be entitled to a dismissal of the charge of intimidating a witness if we were to find in his favor regarding the constitutionality of the statute and the sufficiency of the evidence, we also address these issues and, finding no error, affirm.

*Factual and Procedural Background*

{2}   The facts giving rise to this case involve a domestic dispute. Although acknowledging there was an argument, Defendant's theory of the case was that the victim fabricated and exaggerated Defendant's actions as alleged in the grand jury indictment against him.   In particular, Defendant disputed whether he held a knife to the victim's throat, hit her on the head, threw the phone at her, threw a box of hangers at her, reached inside her blouse, bra, and sweatpants looking for money, or lifted her while his fingers were cupped inside her vagina.

{3}   The evidence of intimidating a witness was the victim's testimony that, during the course of an altercation between Defendant and herself, Defendant twice told her to call the police, "He kept telling me to call the police.   He kept calling—he kept picking up the phone receiver and calling me a stupid bitch, 'Call 911, stupid bitch, call them.   You won't live to see it.   I'll kill you.'" Later she testified, "And he's still raging at me, and he kept insisting that I call 911, call the police, and everything like that."   The victim also

testified that "He told me that if I called the police at that or any other time, that he would kill me." In response to a question about whether Defendant made any statements to the victim about what would happen to her job if she called the police, she testified that Defendant told her he would make her lose her job. The only other witnesses were a friend of the victim and police officers. Defendant did not testify.

{4} In addition to the charges for which he was convicted, Defendant had been charged but acquitted of several other felonies, namely, criminal sexual penetration, false imprisonment, aggravated assault against a household member (deadly weapon), and of one misdemeanor charge of aggravated battery against a household member. The trial court granted Defendant's motion for a directed verdict on the felony aggravated battery against a household member (deadly weapon) charge. After the jury returned guilty verdicts on the misdemeanor criminal sexual contact and felony threatening a witness charges, Defendant filed a motion to vacate the conviction or for a new trial. This motion was denied and the judgment and sentence was entered shortly thereafter.

*Section 30–24–3 and Case Law*

{5} Section 30–24–3(A) states in part:

A. Bribery or intimidation of a witness consists of any person knowingly:

. . . .

(3) intimidating or threatening any person or giving or offering to give anything of value to any person with the intent to keep the person from truthfully reporting to a law enforcement officer or any agency of government that is responsible for enforcing criminal laws *information relating to the commission or possible commission of a felony offense* or a violation of conditions of probation, parole or release pending judicial proceedings.

(Emphasis added.)

{6} Section 30–24–3(B) similarly prohibits retaliating against a witness:

B. Retaliation against a witness consists of any person knowingly engaging in conduct that causes bodily injury to another person or damage to the tangible property of another person, or threatening to do so, with the intent to retaliate against any person for any information relating to the commission or possible commission of a felony offense or a violation of conditions of probation, parole or release pending judicial proceedings given by a person to a law enforcement officer.

{7} Our cases have determined that a defendant may be convicted of bribery or intimidation of witness even if the defendant is acquitted of any crime associated with the actions relating to "the commission or possible commission of a felony." In *State v. Fernandez*, 117 N.M. 673, 680, 875 P.2d 1104, 1111 (Ct.App.1994), this Court affirmed the defendant's conviction for intimidating a police officer who arrested him for driving while intoxicated (DWI) despite the fact that the jury acquitted on the DWI charge. After his arrest, the defendant, in his capacity as Chairman of the Taos County Commission, wrote the officer a letter stating that the officer and his wife were violating the guidelines of a federal food commodities program. *See id.* at 674, 875 P.2d at 1105. The officer testified that he believed the letter was directly related to the defendant's pending criminal case and that it was not the job of a county commissioner to monitor the food commodity program. *See id.* at 680, 875 P.2d at 1111. In affirming the conviction for intimidating a witness, this Court rejected the defendant's contention that the jury's guilty verdict on the intimidation charge and not guilty verdict on the DWI charge were inconsistent and reflected jury confusion. *See id.*

{8} Similarly, in *State v. Jones,* 39 N.M. 395, 48 P.2d 403 (1935), the Supreme Court affirmed a conviction for bribery of a witness while rejecting the defendant's contention that he had to be found guilty of the underlying crime before being charged with bribery. It stated:

The state does not have to prove that the defendant in the main case was guilty of the crime charged before it can proceed to

prove the guilt of defendant on the charge of bribery. The converse is also true. The defendant cannot be permitted to prove his innocence of a crime charged in the main case, if brought to trial on another charge of having bribed or attempted to bribe a prospective witness in the main case.

As so aptly stated by the Supreme Court of Michigan, in a leading case: "The question in the instant case is not the guilt or innocence of the respondent in the main case, nor the sufficiency of the information or the jurisdiction of the court, but whether the respondent is guilty of obstructing or interfering with the administration of justice." *Id.* at 397, 48 P.2d at 404 (citation omitted). Although the language of the statute construed in *Jones* differs from the language of the current statute in that it did not include the "commission or possible commission of a felony" language, the general purpose to be served by both statutes and the rationale for not requiring a conviction on the underlying action are the same. *See id.* at 398, 48 P.2d at 404 (quoting the former statute). The general policy statements in *Jones* thus guide us in understanding Section 30–24–3.

{9} Although the State need not prove beyond a reasonable doubt that the actions the witness might report were felonies, this Court has recently stated that an essential element of Section 30–24–3(B), regarding retaliation against a witness, was "that the offense which the victim witnessed and reported was a felony." *State v. Warsop*, 1998–NMCA–033, ¶ 23, 124 N.M. 683, 954 P.2d 748. In *Warsop*, the defendant had pled guilty to criminal sexual penetration after the victim testified before a grand jury. Later, after a parole hearing setting a release date, he told his police escort that, as soon as he saw the victim, he was going to kill her for what she did and that he should have killed her the first time. *Id.* ¶ 3.

{10} On appeal from his conviction for retaliation against a witness, the defendant in *Warsop* challenged the jury instruction informing the jury that criminal sexual penetration was a felony. Affirming the conviction for retaliating against a witness, this

Court responded, citing Section 30–24–3(B): "The instruction is necessary to convey an essential element of the crime of retaliation against a witness, namely that the offense which the victim witnessed and reported was a felony." *Warsop*, 1998–NMCA–033, ¶ 23, 124 N.M. 683, 954 P.2d 748. Because of the similarity in the language of Sections 30–24–3(A) and 30–24–3(B), this analysis applies to this case.

*Jury Instructions*

{11} On appeal, Defendant raises two jury instruction issues as fundamental error: (1) the failure to instruct the jury about which charges were felonies; and (2) the failure to instruct the jury about Defendant's knowledge of the facts that made his action a felony. The instruction on bribery of a witness that the trial court gave to the jury tracked the language of the statute but made no reference to what conduct would constitute "the commission or possible commission of a felony." The jury was instructed:

For you to find the defendant guilty of Bribery of the witness as charged in count 2, the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1. The defendant did intimidate or threaten [the victim].

2. The defendant intended to keep [the victim] from truthfully reporting to a law enforcement officer or any agency of government that is responsible for enforcing criminal laws information relating to the commission or possible commission of a felony offense;

3. This happened in New Mexico on or about the 3rd day of October, 1997.

*Failure to Instruct on Which Actions Were Felonies*

■ {12} The jury had heard testimony relating to various felony and misdemeanor charges when it was given the above instruction. Nothing in the instruction distinguishes between those actions that might have been "the commission or possible commission of a felony" and those that would not have been. Without this information, the

instruction was fatally flawed in that it allowed the jury to convict Defendant of intimidation of a witness under Section 30–24–3(A)(3) without necessarily finding that the actions it believed transpired were related to the commission or possible commission of a felony. *See generally State v. Stampley*, 1999–NMSC–027, ¶¶ 46–48, 127 N.M. 426, 982 P.2d 477 (1999) (reversing a conviction for attempted first degree murder based on the jury instruction for attempted first degree murder which failed to define first degree murder and which, when combined with other instructions that did define first degree murder, was so vague and confusing that the jury could have convicted the defendant of the nonexistent crime of attempted depraved mind murder).

{13} In this case, what actually transpired during the argument was highly contested. *Cf. Fernandez*, 117 N.M. at 674, 875 P.2d at 1105 (indicating that there was no dispute that the defendant wrote the letter to the arresting officer and was to testify against him). Because the trial court did not submit special verdict forms to the jury and because Defendant was acquitted of all the felony charges except threatening a witness, it is impossible to determine whether the jury found each of the essential elements of threatening a witness under Section 30–24–3(A)(3). *See Warsop*, 1998–NMCA–033, ¶ 23, 124 N.M. 683, 954 P.2d 748. The error is fundamental and requires reversal because the jury could have convicted Defendant on a legally inadequate basis. *See State v. Olguin*, 120 N.M. 740, 740–41, 906 P.2d 731, 731–32 (1995) (holding that a conviction under a general verdict must be reversed if one of the alternative basis of conviction is legally inadequate but that reversal is not required if the alternative basis would be legally adequate but was factually insufficient to support the conviction).

{14} Both at trial and at the hearing on the motion for new trial, the trial court expressed its concern that instructing the jury about which actions constituted possible felonies would have been error insofar as it would have provided the jury information about the possible consequences of their verdict on those felony charges. This issue was not present in *Warsop* since Warsop had been convicted of criminal sexual penetration before threatening the victim and the jury was not faced with the criminal sexual penetration charge. The trial court's concern was well-taken.

{15} While we recognize that it is not the function of this Court to draft jury instructions, there is no uniform jury instruction on bribery or intimidation of a witness. In order to illustrate how an instruction might be drafted in this case to include all of the essential elements of Section 30–24–3(A)(3) without instructing the jury about the consequences of their verdict, the following suggestion is submitted:

> For you to find the defendant guilty of bribery of the witness as charged in Count 2, the State must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1. The defendant knowingly intimidated or threatened the victim.
>
> 2. The defendant intended to keep the victim from truthfully reporting to a law enforcement officer or any agency of government that is responsible for enforcing criminal law information relating to the commission or possible commission of:
>
> aggravated assault against a household member (deadly weapon) *or*
>
> false imprisonment *or*
>
> criminal sexual penetration;
>
> 3. This happened in New Mexico on or about the 3rd day of October, 1997.

Such an instruction would preclude the jury from convicting Defendant based on a finding that Defendant intended to keep the victim from reporting misdemeanor actions such as misdemeanor aggravated battery against a household member or criminal sexual contact. By stating the name of the charge or by stating the actions that would constitute the charge without identifying the charge as a felony and without reciting the statute requiring the "commission or possible commission of a felony," the proposed instruction avoids instructing the jury on the consequences of its verdict on those other felony charges.

{16} Because the jury in this case might have convicted Defendant under Section 30–24–3(A) without making the requisite finding that the information related to the commission or possible commission of a felony as opposed to a misdemeanor, reversal is warranted. *Cf. State v. Orosco,* 113 N.M. 780, 784–86, 833 P.2d 1146, 1150–52 (1992) (clarifying that the failure to instruct on an essential element is not fundamental error requiring reversal if there is no dispute that the element was established). Unlike *Orosco,* in which the essential element of unlawfulness was not disputed or was indisputable, the "commission or possible commission of a felony," or the details of Defendant's actions during the altercation, was and is disputed in this case.

{17} We reverse and remand for a new trial on the charge of intimidating a witness. On remand, the evidence regarding Defendant's action during the altercation that forms the premise for the threatening a witness charge would be admissible despite Defendant's acquittal of the charges arising directly from these actions. *See State v. Lazarovich,* 27 N.M. 282, 286–88, 200 P. 422, 424 (1921) (affirming the defendant's conviction for intimidating a witness and the admission of evidence of larceny as the premise of the charge of intimidating a witness).

*Element of Knowledge*

{18} Defendant argues that the essential elements instruction given was in error because it did not require the jury to find that Defendant knew the facts that made his actions a felony. He argues that the word "knowingly" in Section 30–24–3(A)(3) modifies the phrase "information relating to the commission or possible commission of a felony" and cannot modify "intimidating or threatening." We reject this interpretation.

{19} Arguing at the hearing on the motion for a new trial, defense counsel stated: "I'm arguing that the jury had to be instructed that he knew he did the acts and that those acts under the law amounted to a felony, not that he knew that they amounted to a felony. You know, if he pointed a gun, he would know he pointed a gun, but he doesn't have to know it's a felony to be

convicted of a bribery." The trial court explained its understanding of the statutory language and responded: "You don't do something that's a criminal act that's possibly a felony and then threaten someone or use force to keep somebody from reporting or retaliate against somebody for doing that."

{20} Like the trial court, we are not persuaded that the legislature intended to require the State to prove that Defendant knew that he committed certain acts that under the law amounted to a felony. The language of the statute is clear. The State must prove that Defendant knowingly intimidated or threatened or, in the case of bribery, that Defendant knowingly gave or offered anything of value. *Cf. State v. Elmquist,* 114 N.M. 551, 552–53, 844 P.2d 131, 132–33 (Ct.App.1992) (noting the general rule that qualifying words are normally not to be construed as extending to more remote phrases and interpreting a statute so as to fill in a gap in the law).

*Constitutionality of the Statute*

{21} Defendant contends that Section 30–24–3(A) is unconstitutionally vague. He did not make this challenge in the trial court. This omission, however, does not preclude this Court from considering the issue on appeal. *See State v. Aranda,* 94 N.M. 784, 787, 617 P.2d 173, 176 (Ct.App.1980); *see also State v. Diamond,* 27 N.M. 477, 488, 202 P. 988, 993 (1921).

{22} In reviewing a challenge to a statute as unconstitutionally vague, every indulgence is presumed in favor of constitutionality. *See Garcia v. Village of Tijeras,* 108 N.M. 116, 118, 767 P.2d 355, 357 (Ct.App. 1988). In *Garcia,* this Court stated, "[a] statute is not void for vagueness when a purely facial attack is made alleging uncertainty in its application to hypothetical parties." *Id.* at 119, 767 P.2d at 358. " 'A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.' " *Id.* (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 495, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) (footnote omitted)).

{23} Although considering what might constitute the "possible commission of a felony" in the abstract could be problematic, this Court does not decide the issue in the abstract. Instead, this Court considers the validity of the statute "in light of the facts of the particular case before us and in light of the prohibited act with which a defendant is charged." *State v. Wood,* 117 N.M. 682, 687, 875 P.2d 1113, 1118 (Ct.App.1994). Defendant has the burden of demonstrating the invalidity of the statute. *See id.*

{24} We determine that any person of ordinary intelligence would know that the conduct charged against Defendant was proscribed by Section 30–24–3(A). The charge was based on allegations that, during an argument in which Defendant held a knife to the victim's throat and committed other violent acts, Defendant taunted the victim to call the police, telling her that he would kill her before they arrived. Because the statute clearly applied to the charge made against Defendant in this case, Defendant did not meet his burden of proving the invalidity of the statute in light of the conduct charged.

*Sufficiency of the Evidence*

{25} Despite Defendant's contention that the jury discredited all of the victim's testimony, the jury did return a verdict on two of the counts against Defendant, evidencing that it believed at least some of the victim's testimony. In reviewing the sufficiency of the evidence, this Court does not reweigh the evidence or determine the credibility of the witnesses. *See State v. Apodaca,* 118 N.M. 762, 765–66, 887 P.2d 756, 759–60 (1994). Instead, we view the evidence in the light most favorable to the verdict to determine if each element of the offense is supported beyond a reasonable doubt. *See id.*

{26} The evidence to support the conviction of threatening a witness was the victim's testimony that during the altercation, Defendant challenged the victim to call the police and threatened to kill her if she did. There was evidence that Defendant acted violently against the victim and that his threats were intended to prevent her from reporting the violence to the police. This evidence is suffi-

cient to support the conviction of threatening a witness under Section 30–24–3(A)(3).

*Conclusion*

{27} We reverse Defendant's conviction for intimidating a witness because of error in the jury instructions and remand for a new trial. We affirm the constitutionality of the statute and the sufficiency of the evidence to support Defendant's conviction.

{28} **IT IS SO ORDERED.**

ALARID and BOSSON, JJ., concur.