This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                     **NO. 34,351**

**JASPER TSOSIE,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela J. Jewell, District Judge Pro Tempore**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}     Defendant appeals the revocation of his probation. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded by Defendant's assertions of error. We therefore affirm.

{2}     Defendant renews his challenge to the sufficiency of the evidence to establish that he violated the terms and conditions of probation.  As we previously observed in the notice of proposed summary disposition, the State presented evidence that Defendant failed to attend and complete counseling and treatment. Defendant does not controvert this evidence. [MIO 1, 6] Nor do we understand Defendant to dispute that attendance and completion constituted a condition of his probation. [MIO 1-2] Instead, Defendant challenges the sufficiency of the evidence to establish that the violation was willful. [MIO 1, 5-6] *See generally In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339 ("To establish a violation of a probation agreement, the obligation is on the State to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof.").

{3}     Although wilful conduct is a requisite, the State's proof of a breach of a material condition of probation is generally sufficient to give rise to a reasonable inference; the defendant bears the burden of presenting evidence to excuse non-compliance, by demonstrating that the violation resulted from factors beyond his

2

control. *See State v. Parsons*, 1986-NMCA-027, ¶ 25, 104 N.M. 123, 717 P.2d 99 ("Once the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence [to show that his non-compliance] was not willful.").

{4} In this case, the State presented evidence that Defendant failed to attend and successfully complete counseling and treatment as required by the general and specific conditions of his probation. [DS 4-5; CR-13-1607 RP 50; CR-13-5512 RP 41] Additionally, the State presented evidence that a probation officer reviewed the conditions of probation with Defendant at intake. [DS 4; MIO 4] This evidence was sufficient to give rise to a reasonable inference that Defendant was aware of the requirement that he attend and complete treatment. *See generally State v. Romero*, 1968-NMCA-078, ¶ 17, 79 N.M. 522, 445 P.2d 587 ("An inference is merely a logical deduction from facts and evidence." (quoting *State v. Jones*, 1935-NMSC-062, ¶ 21, 39 N.M. 395, 48 P.2d 403)).

{5} It is not clear that Defendant offered any direct evidence to excuse his non-compliance, by virtue of lack of knowledge or otherwise. The memorandum in opposition focuses on Defendant's "voluntary" participation in counseling and treatment before he was placed on probation, as well as his most recent probation officer's failure to specifically advise him that the First Nations program was

3

mandatory. [MIO 4, 6] However, as we previously observed in the notice of proposed summary disposition, the fact that Defendant's participation may initially have been voluntary does not diminish the mandatory nature of his continuing attendance and completion of counseling and treatment as clearly required by the general and specific conditions of his probation. [DS 4-5; MIO 2; CR-13-1607 RP 50; CR-13-5512 RP 41] And given the evidence that Defendant was made aware of the terms and conditions of his probation at intake, we reject Defendant's suggestion that more specificity was required.

{6}    For the foregoing reasons, we affirm.

{7}    **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**


_____
**TIMOTHY L. GARCIA, Judge**