This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                     No. 35,326

**ARMANDO ARAGON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Michael E. Martinez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1} Defendant Armando Aragon appeals from the revocation of his probation. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded by Defendant's assertions of error. We therefore affirm.

{2} In our notice of proposed summary disposition, we suggested that the State presented evidence, to a reasonable degree of certainty, that Defendant violated his probation by damaging the property of another and by using alcohol; therefore, we proposed to affirm. [*See generally* CN] In his memorandum in opposition, Defendant renews his challenge to the sufficiency of the evidence to support the revocation of his probation. [MIO 1] More specifically, Defendant challenges the sufficiency of the evidence to establish that he willfully damaged property or consumed alcohol. [Id. at 1, 4] *See In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339 ("To establish a violation of a probation agreement, the obligation is on the State to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof.").

{3} We acknowledge that willful conduct is a requisite. However, as we have previously stated, "[o]nce the [S]tate offers proof of a breach of a material condition of probation, [D]efendant must come forward with evidence [to show that his non-compliance] was not willful." *State v. Parsons*, 1986-NMCA-027, ¶ 25, 104 N.M.

123, 717 P.2d 99; *see also State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control)." [I]f [D]efendant fails to carry his burden, then the trial court is within its discretion in revoking [Defendant's probation]." *Martinez*, 1989-NMCA-036, ¶ 8.

{4}    In this case, the State presented evidence, discussed in greater detail in the notice of proposed disposition, that Deputy De La Cruz was dispatched to investigate a domestic disturbance at a trailer park; at the entrance of the trailer park, he made contact with Defendant who was wearing clothing that matched the description he had received from dispatch; the deputy spoke with Defendant; Defendant told the deputy that he knew he was in trouble; Defendant admitted that he had broken a window; the deputy testified that Defendant smelled like alcohol; Defendant was stumbling as he walked; Defendant swayed as he stood; and during a pat down for weapons, the deputy had to hold Defendant upright to keep him from falling. [DS 3-4; MIO 2] The deputy and Defendant went to the trailer where Defendant's girlfriend was living, and the deputy observed a broken window in the living room with most of the glass inside the trailer. [DS 4; MIO 2] Defendant admitted that when he saw his girlfriend look out the window, he ran toward it, hit it with his closed fist, and it broke; however, he maintains that he did not intend to break the window. [DS 4; MIO 2-3] Additionally,

the State presented evidence that Defendant's probation officer had discussed the probation orders and standard conditions of probation with Defendant. [DS 5; MIO 3] This was sufficient to give rise to a reasonable inference that Defendant was aware that, as part of his probation agreement, he was prohibited from violating the laws of the State of New Mexico and he was not permitted to possess, consume or use alcohol while he was on probation. [*See* MIO 1-2] *See generally State v. Romero*, 1968-NMCA-078, ¶ 17, 79 N.M. 522, 445 P.2d 587 ("An inference is merely a logical deduction from facts and evidence." (quoting *State v. Jones*, 1935-NMSC-062, ¶ 21, 39 N.M. 395, 48 P.2d 403)).

**{5}** Defendant has not demonstrated that he offered any evidence to excuse his non-compliance with the terms of his probation. Instead, he contends that "the evidence clearly shows that [he] accidentally broke a window and smelled of alcohol." [MIO 1; *see also* id. at 6]

**{6}** As we discussed in our notice of proposed disposition, to the extent there was conflicting testimony, contrary testimony is not a basis for reversal. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."). Rather it was for the district court to weigh the evidence and assess credibility, and we will not engage in a reweighing of the

evidence on appeal. *See State v. Apodaca*, 1994-NMSC-121, ¶ 3, 118 N.M. 762, 887 P.2d 756 (stating that the appellate court views the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict); *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156 ("This court does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." (internal quotation marks and citation omitted)). To the extent that Defendant claims that, absent a chemical test, there was insufficient evidence to establish that he had consumed alcohol [MIO 5-6], we are not persuaded. *See State v. Baldwin*, 2001-NMCA-063, ¶ 16, 130 N.M. 705, 30 P.3d 394 (pointing out that a fact-finder can rely on "human experience" in deciding whether a defendant was under the influence); *Sanchez v. Wiley*, 1997-NMCA-105, ¶¶ 2, 19, 124 N.M. 47, 946 P.2d 650 (holding that a witness could rely on his knowledge in testifying that the defendant was "drunk").

{7}     For the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

{8}     **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

5

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief Judge**

_____

**RODERICK T. KENNEDY, Judge**